United States District Court
Southern District of Texas
**ENTERED**
July 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-24-1978 |
| | § | |
| JOHN DOE, subscriber assigned IP address 174.170.102.55, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER ON MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA

Strike 3 Holdings is the owner of "adult motion pictures" which "are distributed through its adult websites and DVDs." (Docket Entry No. 1 at 1). Strike 3 Holdings' "motion pictures are among the most pirated content in the world." (*Id.* at 4). This case concerns the John Doe defendant's alleged infringement of 24 of the company's adult films.

Strike 3 Holdings moves for leave to serve a third-party subpoena prior to a Rule 26(f) conference. (Docket Entry No. 4). Strike 3 Holdings filed this lawsuit in July 2023 against the John Doe defendant who is identified only by the subscriber Internet Protocol ("IP") address that he or she is alleged to have used to illegally download and distribute Strike 3 Holdings's copyrighted movies. Strike 3 Holdings seeks to subpoena John Doe's internet service provider, Comcast Cable, to obtain "the true name and address of [the] Defendant . . . to prosecute the claims made in its Complaint." (Docket Entry No. 4 at 2). "Without this information, [Strike 3 Holdings] cannot serve [the] Defendant nor pursue this lawsuit and protect its copyrights." (*Id.*).

For the reasons below, the court grants the motion for leave to serve Comcast Cable with a Rule 45 subpoena.

1

Under Federal Rule of Civil Procedure 26(d)(1), a party may seek discovery before the parties have conferred, if permitted by court order. Fed. R. Civ. P. 26(d)(1). The Fifth Circuit has not adopted a standard to determine when a party is entitled to expedited discovery, but district courts within this circuit analyze factors including "(1) whether the plaintiff has made a *prima facie* case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Strike 3 Holdings, LLC v. Doe*, 21-cv-243, 2021 WL 2258737, at *2 (E.D. Tex. June 3, 2021); *see also Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm*, No. 12-00963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012). These factors favor a grant of expedited discovery in this case.

To make a *prima facie* claim for copyright infringement, Strike 3 Holdings must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T&S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)). Strike 3 Holdings has provided evidence that it is the exclusive rights holder of the copyrighted works at issue. (Docket Entry No. 4-1 at 4). The company alleges that the defendant used BitTorrent, a peer-to-peer file sharing system, to copy and distribute 24 of its movies, without its consent. (Docket Entry No. 4-1 at 12). Strike 3 Holdings has alleged the *prima facie* elements of a direct copyright infringement claim and could withstand a motion to dismiss for failure to state a claim.

Strike 3 Holdings has identified the John Doe defendant with sufficient specificity. "BitTorrent allows users to join together in 'peer-to-peer' networks that allow them to download large files. . . . While downloading these files, users expose their IP addresses to one another."

*Strike 3 Holdings, LLC v. Doe*, 21-cv-1852, 2021 WL 1987383, at *1 (S.D.N.Y. May 18, 2021). Strike 3 Holdings has created a proprietary "infringement detection system, named 'VXN Scan,'" to capture the IP addresses of users who illegally download and distribute its movies. (Docket Entry No. 1 at 5). The VXN Scan system works, in part, by creating a "proprietary BitTorrent client" that "emulates the behavior of a standard BitTorrent client" by "repeatedly download[ing] data pieces from peers within the BitTorrent network which are distributing [Strike 3 Holdings's] movies." (Docket Entry No. 4-1 at 12). The VXN Scan system then uses a "PCAP Recorder" that records PCAPs—the "computer file containing captured or recorded data transmitted between network devices." (*Id.* at 13). The PCAP contains the IP address of the BitTorrent client that is connecting with the proprietary BitTorrent client and sending infringed copies of Strike 3 Holdings's movies. (*Id.*).

In this case, "VXN Scan[] recorded numerous BitTorrent computer transactions between the system and IP address 174.170.102.55 in the form of PCAPs." (*Id.* at 20). The VXN System then uses a software called the "PCAP Analyzer," which is connected to geolocation database "Maxmind GeoIP2 Precision Services," that "compiles information it receives from Internet Service Providers . . . containing the city and state locations of the users of the ISPs and their respective IP addresses." (*Id.* at 16). Through this process, Strike 3 Holdings determined that a BitTorrent user at IP address 174.170.102.55 had infringed "24 movies over an extended period of time." (Docket Entry No. 1 at 2). An employee at Strike 3 Holdings confirmed that each of the digital media files downloaded and distributed by this BitTorrent user was "a copy of one of Strike 3's motion pictures." (Docket Entry No. 4-1 at 26). The company traced the user's IP address "to a physical address located within this District." (Docket Entry No. 1 at 2). Using these procedures,

Strike 3 Holdings has identified John Doe with "sufficient specificity" so as to assure the court that the defendant is real and located in this district.

Through this process, the sole information that Strike 3 Holdings has been able to obtain about the alleged infringer is his or her IP address. There are no other alternative means to obtain the defendant's name or address. "[T]here is no public registry of what IP addresses correspond to which subscribers." (Docket Entry No. 4 at 8). The company cannot learn the defendant's identity without the subpoenaed information, and cannot serve process on the defendant without the subpoenaed information. The "Defendant's [Internet Service Provider] Comcast Cable is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 174.170.102.55 during the time of the alleged infringement." (Docket Entry No. 4-1 at 23). Strike 3 Holdings has demonstrated a need for the subpoenaed information to advance the claim, and no alternative means to obtain that information.

Finally, the defendant lacks a reasonable expectation of privacy in information that he or she voluntarily shared by downloading and distributing Strike 3 Holdings' movies "through a peer-to-peer network." *United States v. Weast*, 811 F.3d 743, 747–48 (5th Cir. 2016). "Moreover, there is no constitutional right—under the First Amendment or the right to privacy—to anonymously engage in copyright infringement." *Malibu Media, LLC v. Doe*, H-17-0485, 2017 WL 3394611, at *2 (S.D. Tex. Aug. 8, 2017).

The factors for granting expedited discovery are met. There are, however, some concerns in granting a subpoena of this nature. First, the IP subscriber may not be the actual infringer. The infringer could, for example, be the subscriber's roommate. Second, "[a]n allegation that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature, including one's sexuality." *Strike 3 Holdings, LLC v. Doe*, No. 17-cv-

4

07051, 2018 WL 357287, at *3 (N.D. Cal. Jan. 10, 2018).  These concerns can be cabined through the following procedures, which the parties must follow:

1. Strike 3 Holdings may serve a Rule 45 subpoena on Comcast Cable to obtain only the name and address of the individual associated with IP address 174.170.102.55.  Strike 3 Holdings must attach a copy of this Order to the subpoena.

2. Comcast Cable will have 30 days from the date of service of the Rule 45 subpoena to serve the identified Doe defendant with copies of the subpoena and this Order.  (*See* 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.").  Comcast Cable may serve the defendant using reasonable means, including written notice sent to the defendant's last known address by either first-class mail or overnight service.

3. Comcast Cable must confer with Strike 3 Holdings.  Comcast Cable may not assess any charge in advance of providing the information requested in the subpoena.  If Comcast Cable elects to charge for the costs of production, it must provide a billing summary and cost report to Strike 3 Holdings.  The court will resolve any disputes between Comcast Cable and Strike 3 Holdings about the fees charged for the costs of responding to the subpoena.

4. The Doe defendant has 60 days from the date of service of the Rule 45 subpoena and this Order to file any motions with this court contesting the subpoena, as well as any request to litigate this subpoena anonymously.  Comcast Cable may not provide the defendant's identifying information to Strike 3 Holdings or anyone but the court before the 60-day period has lapsed.  If the defendant or Comcast Cable files a motion to quash or modify the subpoena, Comcast Cable may not turn over any information to Strike 3 Holdings until this court rules on that motion.

5. If the 60-day period expires without any motion contesting the subpoena, Comcast Cable will have 14 days to produce the subpoenaed information to Strike 3 Holdings.

6. Comcast Cable must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash.  Comcast Cable may file a motion to raise any undue burden caused by this preservation obligation.

7. Strike 3 Holdings may use any information ultimately disclosed in response to a Rule 45 subpoena only to protect the rights it asserted in its complaint.  The information disclosed is limited to use by Strike 3 Holdings in this litigation and may not be disclosed other than to counsel for the parties and the court.

The motion is granted. Strike 3 Holdings may immediately serve a Rule 45 subpoena on Comcast Cable, in accordance with the procedures set out above.

SIGNED on July 3, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge